UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY HICKMAN III.,

   Plaintiff,                                      CASE NO.

v.

PORTFOLIO RECOVERY ASSOCIATES, INC.,

   Defendant.
_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ROY HICKMAN III ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, INC., ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Fort Mead, Polk County, Florida.

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a corporation with a business office located in Norfolk, Virginia.

7. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff's mother.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Beginning in January of 2010, Defendant constantly and continuously placed calls to Plaintiff seeking and demanding to speak with Plaintiff's mother, Pamela Hickman, regarding an alleged consumer debt.

11. Defendant called on a virtual daily basis for a period of months.

12. Defendant called Plaintiff from its phone number 757-961-3544 and requested return calls to 800-860-0644.

13. Defendant called Plaintiff's cellular phone number of 321-695-9828 and his residential phone number of 863-622-2050.

14. Plaintiff informed defendant on multiple occasions that his mother, Pamela Hickman, does not reside with him and was not available at the numbers called and requested Defendant contacting him regarding her debt.

15. Despite this information, defendant continued to contact Plaintiff on a daily basis seeking and demanding to speak with Pamela Hickman.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff more than once without being requested to do so and without reasonably believing that the earlier response of Plaintiff was erroneous or incomplete or that Plaintiff now had correct or complete information;

   b) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff; and

   c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Any other relief that this court deems to be just and proper.

Dated: January 20, 2011                           RESPECTFULLY SUBMITTED,

                                                  By: _____
                                                  James Pacitti
                                                  Krohn & Moss, Ltd
                                                  10474 Santa Monica Blvd., Suite 401
                                                  Los Angeles, CA 90025
                                                  Phone:  (323) 988-2400 x230
                                                  Fax:    (866) 802-0021
                                                  jpacitti@consumerlawcenter.com
                                                  Attorney for Plaintiff
                                                  FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROY HICKMAN III., hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ROY HICKMAN III., says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, ROY HICKMAN III., hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: **12-31-2010**

ROY HICKMAN III.,
Plaintiff