UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY HICKMAN III,

      Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      Defendant.
_____/

CASE NO.: 8:11-CV-00167-EAK-MAP

## VERIFIED FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROY HICKMAN III ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in Fort Mead, Polk County, Florida.

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a limited liability company located in Norfolk, Virginia.

7. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff's mother.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Beginning in January of 2010, Defendant constantly and continuously placed calls to Plaintiff seeking and demanding to speak with Plaintiff's mother, Pamela Hickman, regarding an alleged consumer debt.

11. Defendant called on a virtual daily basis for a period of months.

12. Defendant called Plaintiff from its phone number 757-961-3544 and requested return calls to 800-860-0644.

13. Defendant called Plaintiff's cellular phone number of 321-695-9828 and his residential phone number of 863-622-2050.

14. Plaintiff informed defendant on multiple occasions that his mother, Pamela Hickman, does not reside with him and was not available at the numbers called and requested Defendant contacting him regarding her debt.

15. Despite this information, defendant continued to contact Plaintiff on a daily basis seeking and demanding to speak with Pamela Hickman.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff more than once without being requested to do so and without reasonably believing that the earlier response of Plaintiff was erroneous or incomplete or that Plaintiff now had correct or complete information;

   b) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff; and

   c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

17. Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

18. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

19. Any other relief that this court deems to be just and proper.

Dated: February 23, 2011						RESPECTFULLY SUBMITTED,

							By: _____
							James Pacitti
							Krohn & Moss, Ltd
							10474 Santa Monica Blvd., Suite 401
							Los Angeles, CA 90025
							Phone: (323) 988-2400 x230
							Fax:    (866) 802-0021
							jpacitti@consumerlawcenter.com
							Attorney for Plaintiff
							FBN: 119768

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROY HICKMAN III., hereby demands trial by jury in this action.